IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY E. MOORE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 12-cv-1107-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Anthony E. Moore's motion for discovery (Doc. 16), motion for leave to file pleading in excess of the page limitation (Doc. 17), motion to reopen case (Doc. 18), and motion for enlargement of time (Doc. 19). Respondent United States of America filed a motion to dismiss for lack of jurisdiction (Doc. 22).

The Court entered judgment (Doc. 13) on July 24, 2013, denying Moore's motion under 28 U.S.C. § 2255. In his current motion, Moore asks the Court to reopen this case so he may amend his § 2255 motion. A post-judgment motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816.

Moore's pending motion seeks to reopen his case to reassert his previous arguments and potentially assert a new argument. He does not argue there was a defect in the proceedings.

Rather, he argues the non-attorney helping him prepare his arguments became unavailable. It is therefore a successive petition under the rule of *Gonzalez*. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8. *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 2925 (2008); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider Moore's motion (Doc. 18) and **DISMISSES** it for **lack of jurisdiction**. The Court **DENIES as moot** the remaining motions.

**IT IS SO ORDERED.**

**DATED:** July 9, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
