IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY E. MOORE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 12-cv-1107-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on petitioner Anthony E. Moore's motions for a certificate of appealability (Doc. 24) and for leave to proceed on appeal *in forma pauperis* (Doc. 30). Moore appeals the Court's denial of a motion to vacate its judgment denying his motion under 28 U.S.C. § § 2255 (Doc. 1). In his § 2255 motion, Moore alleged several instances of ineffective assistance of counsel before and during trial, at sentencing, and on direct appeal of his criminal conviction.[1] The Court denied the motion and entered judgment on the merits on July 24, 2013 (Docs. 12 & 13). On August 1, 2013, Moore asked the Court to reconsider its judgment pursuant to Federal Rule of Civil Procedure 59(e) on the grounds that his counsel (who never appeared in this case) was ill and could not assist him in the § 2255 proceedings (Doc. 14), and on August 5, 2013, the Court denied the motion (Doc. 15). Then in June 2014, Moore filed a series of motions, including a motion under Federal Rule of Civil Procedure 60(b) to vacate the judgment, reopen his § 2255 case and amend his motion in light of his counsel's failure to provide him with a promised detailed motion (Doc. 18). The Government moved to dismiss Moore's Rule 60(b) motion on the grounds that it was an unauthorized second or successive

---

[1] He also requested a sentence reduction pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). That request is being considered in his criminal case.

§ 2255 motion (Doc. 22).  On July 9, 2014, the Court agreed with the Government and dismissed Moore's Rule 60(b) for lack of jurisdiction (Doc. 23).  It is from that order that Moore has appealed.

I.     **Motion for Certificate of Appealability (Doc. 24)**

A § 2255 petitioner may not proceed on appeal without a certificate of appealability.  28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  A certificate is required even for cases in which the court dismissed an unauthorized second or successive collateral attack for lack of jurisdiction.  *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska*, 246 F.3d at 1045.  To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."  *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282;  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

The Court finds that no reasonable jurist could argue that the Court erred by dismissing Moore's Rule 60(b) motion as an unauthorized second or successive § 2255 motion.  Accordingly, the Court **DENIES** Moore's motion for a certificate of appealability (Doc. 24).

II.    **Motion for Leave to Proceed on Appeal *In Forma Pauperis* (Doc. 30)**

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith.  28 U.S.C. § 1915(a)(1) &

(3); Fed. R. App. P. 24(a)(3)(A).  A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

No reasonable person could argue that Moore's Rule 60(b) motion was not a successive § 2255 motion for the reasons stated in the Court's order dismissing the motion.  Therefore, the Court **CERTIFIES** that this appeal is not taken in good faith and accordingly **DENIES** the motion for leave to proceed on appeal *in forma pauperis* (Doc. 30).

The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals in connection with Appeal No. 14-2887.

**IT IS SO ORDERED.**
**DATED: September 11, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
