IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY E. MOORE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 12-cv-01107-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Anthony E. Moore's Second Motion (Doc. 36) for Relief from the Judgment. The government has filed a Motion (Doc. 37) to Dismiss Petitioner's Motion for Relief from Judgment for Lack of Jurisdiction. The Defendant then filed an Amended Second Motion for Relief from the Judgment (Doc. 38). The government has not filed a response to the Amended Second Motion and the time for filing has not expired. However, the Court does not require a response.

The Court entered judgment (Doc. 13) on July 24, 2013, denying Moore's motion under 28 U.S.C § 2255. Petitioner then filed a Motion (Doc. 14) for Reconsideration Pursuant to Rule 59(e) which the Court denied (Doc. 15) and a Motion to Reopen Case (Doc. 18) which was also denied (Doc. 23). He then filed an appeal with regard to the Motion to Reopen Case in which the United States Court of Appeals for the Seventh Circuit denied a certificate of appealability.

Petitioner now moves for relief of judgment under Federal Rule of Civil Procedure 60(b)(6) and (d)(1). The government argues that Petitioner's Rule 60 motion is a second or successive § 2255 and this Court lacks jurisdiction because the petitioner has not been granted leave to file a successive petition from the United States Court of Appeals.

A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion).

However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816. Generally, decisions to deny a *habeas* petition based on the failure to exhaust state remedies, procedural default or the statute of limitations are not decisions on the merits and may be attacked in a Rule 60(b) motion without amounting to a successive petition. *Gonzalez*, 545 U.S. at 532 n. 4.

Here, Petitioner's initial motion asserted a defect in the integrity of the § 2255 proceedings in that the Court should have immediately dismissed his motion as it failed to comply Rule 2 of § 2255. According to the Petitioner, his counsel filed a "barebones" petition that was, "nothing more than naked claims for relief, unsupported by facts, law, or citation to the records." (Doc. 36, pg 4). Therefore, the Judge who received the motion was required to promptly examine it and dismiss the motion if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." (Doc. 36, pg 4, quoting Rule 4(b) § 2255.) As such, the initial motion appeared to be asserting a procedural defect and was not attempting to reassert claims of error in the conviction.

The Amended Second Motion puts forth the same procedural argument with regard to Rule 4(b), but also puts forth the argument that the alleged abandonment of petitioner's counsel

2

should equitably toll the limitation period.  Petitioner acknowledges that, "given that Mr. Moore has long submitted his amended petition, this claim may be moot."

The Court agrees that it does have an obligation to dismiss frivolous suits, but it also has an obligation to liberally construe *pro se* pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).  Petitioner's motion was filed *pro se* and although he claims he was abandoned by his counsel, no counsel ever entered their appearance on behalf of the petitioner in this matter.  Further, petitioner's claims that his § 2255 motion was, "barebone;" – to such an extent that it should have triggered a Rule 4 dismissal - is unfounded.  The § 2255 motion states the grounds and provides very specific supporting facts.

Further, Petitioner's § 2255 motion was filed on October 17, 2012, and was not denied until July 24, 2013.  Petitioner could have filed a motion to withdrawn, dismiss, or supplement his motion at any time during that period if he believed that the motion was not adequately supported.

The Court also notes that the petitioner's amended motion states that the transfer of his sentence reduction under Amendment 750 to his criminal matter was a procedural error.  He argues that the issue is still outstanding in his § 2255 motion and that no order could be final since the Court did not render a decision on all outstanding issues.   A potential sentence reduction pursuant to 18 U.S.C. § 3582(c) based on the United States Sentencing Guideline Amendments may only be brought in a criminal matter and as such, no error was committed by the Court in transferring that portion of the petitioner's § 2255 to the petitioner's criminal case.  It is also noted that counsel has entered their appearance on behalf of the petitioner in his criminal matter for the sole purpose of reviewing his case for retroactive application of the reduction amendments.

Finally, motions under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time and for procedural error, such motion under Rule 60(b)(1) must be made no more than a year after the entry of judgment. As noted above, judgment was entered in this matter on July 7, 2014, and the Court of Appeals Mandate was entered on January 26, 2015. The time expires for filing a petition for *certiorari* contesting the appellate court's decision affirming of the conviction 90 days after the court of appeals enters judgment. *Clay v. United States*, 537 U.S. 522, 524-25 (2003). The Petitioner's Rule 60(b) motion was filed on May 16, 2016, and was therefore filed beyond the one-year limitation.

The Court finds that petitioner's Rule 60 motion does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings. As such, it is not a successive petition and the Court has jurisdiction to entertain it. The Governments Motion (Doc. 37) to Dismiss Petitioner's Motion for Relief from Judgement for lack of jurisdiction is **DENIED**.

Defendant Anthony E. Moore's Amended Second Motion (Doc. 38) for Relief from the Judgment was filed beyond the one-year limitation and is also **DENIED**. Due to the filing of the amended motion, Petitioner's initial Second Motion for Relief of Judgment (Doc. 36) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:** 6/20/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**